1

2

3

4

5

6

7

8     **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA**

10    **EASTERN DIVISION**

11

12    **ARTHUR ESVER,**                                    )
                                                            )
13                            **Plaintiff,**                )       **No. EDCV 16-2230 CJC (AJW)**
                                                            )
14                    **v.**                                )       **MEMORANDUM AND ORDER**
                                                            )       **DISMISSING COMPLAINT**
15    **V.A. CHAKMAKIAN, MD.,**                             )       **WITHOUT PREJUDICE**
      **N. WILLIAMS, MD., P. FINANDER,**                    )
16    **MD, et al.,**                                       )
                                                            )
17                            **Defendants.**               )
      _____             )
18

19        On October 31, 2016, plaintiff, proceeding pro se and in forma pauperis, filed this complaint

20    pursuant to 42 U.S.C § 1983. On November 8, 2016, the complaint was dismissed without prejudice and

21    with leave to amend. The order explained the deficiencies of the complaint and provided plaintiff with three

22    options: plaintiff could file a first amended complaint attempting to correct the deficiencies described in the

23    order; plaintiff could file a notice of intent not to amend; or plaintiff could do nothing. The order explained

24    that plaintiff's failure to timely respond to the order would be deemed his consent to the dismissal of this

25    action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The order again

26    warned: "**Plaintiff is cautioned that failure to respond within the time permitted by this order may**

27    **result in dismissal of this action with prejudice.**" [Docket No. 5 at 5 (emphasis in original)]. Plaintiff was

28    provided twenty-one (21) days within which to respond. As of the date of this order, plaintiff has neither

filed a response to the order nor requested additional time within which to do so.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal. Local R. 41-1; Link v. Wabash R.Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders or rules, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prod. Liability Litig.,460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001); Ferdik, 963 F.2d at 1260-61 (failure to comply with orders); Carey, 856 F.2d at 1441 (failure to comply with local rule). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with court orders or rules, the applicable standard is the same.[1]

In this case, the first, second, and third factors favor dismissal. See Pagtalunan, 291 F.3d at 642 (noting that the first factor – the public's interest in the expeditious resolution of litigation – "always favors dismissal") (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004) (discussing the second factor – the court's need to manage its docket – and stating that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket"); In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (stating with regard to the third factor – the risk of prejudice – that in the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay). Further, plaintiff was warned that his

---

[1]   Pro se litigants are bound by the federal and local rules. See C. D. Cal. Local R. 83-2.10.3; Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007); Ghazali, 46 F.3d at 54.

failure to file either a first amended complaint or a notice of intent not to amend complaint within the time allowed could lead to dismissal, so the fourth factor also supports dismissal. See In re PPA Prod. Liability Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").

The fifth factor – the public policy favoring disposition of cases on their merits – weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1452 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

Consideration of the relevant factors support the conclusion that dismissal is warranted. See Valley Eng'rs Inc. v. Elec.Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

Dismissal under Rule 41(b) may be with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Under the circumstances of this case, dismissal without prejudice is appropriate.

For the foregoing reasons, this action is dismissed without prejudice.

**It is so ordered**.

Dated: December 13, 2016

_____
Cormac J. Carney
United States District Judge